MICHAEL BAILEY
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ 85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Leonid Cornejo,<br><br>　　　　　Defendant. | CR19-0471-001-TUC-RM (LAB)<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby files its Sentencing Memorandum for defendant Leonid Cornejo in the above-referenced case. Sentencing is scheduled for November 4, 2020.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　FACTS AND PROCEDURAL HISTORY**

On January 23, 2019, United States Customs and Border Protection Officers were conducting outbound vehicle inspections at the Mariposa Port of Entry in Nogales, Arizona, and encountered a pickup truck as it attempted to exit the United States and enter Mexico. The driver was the defendant, Leonid Cornejo (hereinafter "the defendant"), and the front passenger was co-defendant Jesse Cortez-Arguelles. Hidden inside the vehicle, officers found two disassembled AR-15 pistols, one Glock pistol, two 30-round capacity AR-15 magazines, two loaded 15-round Glock pistol magazines and a total of 2,030 rounds of ammunition. The disassembled rifles were laying on the driver and front passenger seat

beneath a thin seat cover; the defendant and co-defendant had been sitting on top of them. The defendant was also in possession of $1,216 in cash.

The defendant expected to receive a total of $880 to smuggle the weapons and ammunition into Mexico, and was to receive further instructions of where to deliver the firearms and ammunition upon arrival in Mexico. He recruited the co-defendant to assist and provide use of his vehicle in exchange for payment. The defendant and co-defendant purchased the ammunition earlier that same day in Tucson, Arizona, at the direction of the individuals in Mexico and for the purpose of smuggling it into Mexico. The defendant and co-defendant then picked up the AR-15 pistols (which the defendant was aware lacked serial numbers), the Glock pistol, and the four magazines from another individual in Tucson at the direction of the individuals in Mexico and for the purpose of smuggling them into Mexico. The defendant then concealed the firearms, magazines, and ammunition within the vehicle to avoid law enforcement detection.

The defendant was aware that exporting weapons and ammunition is illegal, and admitted that two days previously he had also successfully smuggled ammunition into Mexico in exchange for $685. Neither the defendant, the co-defendant, nor any other individual involved in the smuggling offense had any license or lawful authority to export the firearms, magazines, and ammunition into Mexico.

On February 20, 2019, the defendant was indicted on one count of smuggling goods from the United States. On November 1, 2019, he pleaded guilty to the Indictment without a plea agreement. Sentencing is scheduled for November 4, 2020.

## II.     APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations in the Presentence Report. The defendant's base offense is 26 pursuant to U.S.S.G. § 2M5.2(a)(1). As discussed in the government's response to the defendant's objection to the Presentence Report, the government agrees with the Probation Department that an adjustment for minor role in the offense is not appropriate, as the defendant's involvement

in the weapons smuggling crime was continuous, extensive, and critical, and was no less than that of an average participant of this offense. Three levels are subtracted pursuant to § 3E1.1(a) and (b) for acceptance of responsibility, for a total offense level of 23. The government further agrees with the Probation Department that no grounds for a departure or variance exist in this matter. Together with the defendant's Criminal History Category of II, the appropriate advisory sentencing guideline range is 51 to 63 months imprisonment.

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant to no less than 57 months imprisonment, the middle of the applicable guideline range and the sentence recommended by the Probation Department. The government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant. Several aggravating factors exist in this matter.

First, the defendant's conduct is very serious. He attempted to smuggle three firearms and over 2,000 rounds of ammunition into Mexico. The amount of harm these weapons could have caused in the hands of criminal organizations had they not been interdicted by law enforcement is staggering. The defendant knew his conduct was illegal but committed his offense for significant financial gain.

Second, the defendant's involvement in the weapons smuggling crime was continuous and extensive. He made arrangements with individuals in Mexico to obtain ammunition and firearms in the United States and smuggle them into Mexico. He recruited his roommate, the co-defendant, to assist in this crime and provide a vehicle for smuggling the weapons, He purchased the ammunition and picked up the firearms to be smuggled, loaded the weapons into the vehicle, and concealed them to avoid detection. He then attempted to smuggle the weapons into Mexico.

Third, the defendant committed the same offense on multiple occasions. He had successfully smuggled weapons into Mexico for the criminal organization just two days

3

earlier. The defendant had time to consider and reflect on the severity of his offenses and the harm caused by it, yet nonetheless chose to become involved in these serious crimes.

While the defendant's criminal history consists of one felony conviction, this is appropriately reflected in his Criminal History Category of II. The defendant's behavior following this prior conviction, however, demonstrate that he has not made any effort to modify his criminal behavior. He was fortunate to be sentenced to probation, but committed several violations of his probation conditions. Furthermore, he was on probation when he committed his offense in this case. The government submits that a lengthy prison sentence is therefore necessary to accomplish the goals of sentencing; particularly, to deter the defendant from future criminal conduct and to protect the community from future crimes by the defendant. It is noteworthy that the defendant committed both his prior offense and the instant offense for financial gain, suggesting that he is likely to turn to unlawful behavior again if given the opportunity to profit therefrom. The government also notes that the defendant is fortunate he is not facing additional charges for possession of firearms and ammunition by a convicted felon as a result of this prior conviction. Given the defendant's individual characteristics, the government agrees with the Probation Department and believes a sentence no less than 57 months prison is appropriate, and is no greater than necessary to accomplish the goals of sentencing.

**IV. CONCLUSION**

For the reasons discussed, the government respectfully requests that this Court sentence the defendant to no less than 57 months imprisonment. The government submits that this sentence is appropriate and no greater than necessary based on the facts and circumstances of the offenses and the individual characteristics of the defendant.

/ / /

Respectfully submitted this 26th day of October, 2020.

          MICHAEL BAILEY
          United States Attorney
          District of Arizona

          *s/ Angela W. Woolridge*

          ANGELA W. WOOLRIDGE
          Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 26th day of October, 2020, to:

Walter Goncalves, AFPD
Attorney for Defendant Leonid Cornejo